BIESIADNY, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. HENNINGFELD and others, Defendants and Respondents: MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant and Appellant.*

*No. 199. Submitted under sec. (Rule) 251.54 September 10, 1974.— Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 690.)

* Motion for rehearing denied, with costs, on November 26, 1974.

For the appellant the cause was submitted on the briefs of *Cannon, McLaughlin, Herbon & Staudenmaier,* attorneys, and *L. William Staudenmaier* of counsel, all of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the brief of *Habush, Gillick, Habush, Davis & Murphy,* attorneys, and *Howard A. Davis* of counsel, all of Milwaukee.

For the defendant-respondent Robert E. Henningfeld the cause was submitted on the brief of *Kluwin, Dunphy, Hankin & McNulty,* all of Milwaukee.

ROBERT W. HANSEN, J. Only one question is asked on this appeal: Was the insurer of the father entitled to summary judgment as to the claim against it based on the driving of the sod truck by the son? However, to answer this question, several questions have to be asked and answered, with the last answer to the last question deciding the issue raised.

*Q.* Was the sod truck a four-wheel motor vehicle? *A.* That depends on the testimony. The policy defines a "nonowned automobile" as a ". . . four wheel land motor vehicle or trailer not owned by or furnished or available for the regular use of either the named insured or any resident of the same household . . . ." The in-

surer submitted a photograph of the sod truck (upside down after the accident) indicating side-by-side tires on each of. the rear wheels. The trial court found an issue of fact presented as to whether the vehicle had four wheels within the meaning of the policy, four wheels with six tires, or whether it was outside the coverage as a six-wheel vehicle. The answer to this question depends upon how a wheel is defined and the design of this sod truck. More evidence than this record provides is required to answer the question involved.

*Q.* Was the son an "additional insured" under the terms of the policy? *A.* No. The applicable clause of the policy reads: "The following are insureds: . . . (b) With respect to a non-owned automobile, . . . (2) a relative, but only with respect to a private passenger automobile or trailer, provided his actual use thereof is with the permission of the owner and is within the scope of such permission." The son is not such additional insured under that clause because the vehicle involved was not a private passenger automobile.

*Q.* Was the father's insurer liable under the clause relating to nonowned automobiles used in any business or occupation of the insured? That policy provision, an exclusion clause, provides: "This policy does not apply: . . . (h) to a non-owned automobile while used in any business or occupation of the insured except a private passenger automobile operated or occupied by the named insured . . . ." If the liability of the father arose from the use of a nonowned automobile, except a private passenger automobile operated or occupied by him, this exclusion clause would apply.

*Q.* Is the insurer of the father entitled to summary judgment on this record, dismissing the complaint of the plaintiff? *A.* No. Here the father is liable, or the claim of liability against him is based on the sponsorship statute (sec. 343.15 (2), Stats.) because he signed

the application for his son's driver's license. Under its policy, the father's insurer agreed to pay on behalf of the father or any additional insured damages ". . . arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, . . ." subject to the exclusion clause. We agree with the trial court that, on this record, it must be held that the truck was not being used in any business or occupation of any insured, because the son in whose occupation it was being used was not an insured, and the truck was not being used in the business or occupation of the father. We agree with the trial court that so holding requires denial of the motion for summary judgment for the reason that, if the father is liable as a sponsor, the company under the policy is liable as his insurer. We affirm the trial court in all respects.

*By the Court.*—Order affirmed.